[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage brought to the Judicial District at Hartford. The return date is November 20, 2001. Both parties are represented by counsel. After hearing, the court finds the allegations of the complaint have been proven. Jurisdiction is found based upon the residence of the parties in the state of Connecticut. The court finds that there is one minor child issue of this marriage, Chandler Davis born October 20, 1989.
The testimony presented by the parties as well as exhibits presented lead the court to make the following findings:
The parties were married on August 9, 1986. By the time the parties were married, they had enjoyed a substantial relationship over many years. They had a child in 1979 when the plaintiff was twenty years of age. They had met when the plaintiff was fifteen or sixteen and the defendant was only several years older. The parties lived together since approximately 1979. While the testimony of the parties differs to some extent with respect to financial contributions to the marriage, the court finds that each of these parties contributed significantly and consistently to the expenses of the marriage as well as the acquisition CT Page 8203-bz of the assets of the parties. Both parties have enjoyed excellent work histories. The plaintiff is currently employed by the State of Connecticut. She started out as a temporary worker and through her efforts to further her education and work performance has advanced significantly within the State. Her current position of computer analyst pays her an annual salary of $65,000.00. The defendant is currently employed as a driver for Fowler Hunting, a produce distributor. He has been thus employed for a period of twelve years and previously worked at Automated Material Handling, a position he held for fifteen years. His current salary is approximately $42,000.00 per annum with some variation for overtime.
For most of the duration of this relationship the parties lived in a three-family home owned by the parents of the defendant. The rent was paid directly to the owners of the home. In approximately 1997, the parties purchased a single family home in Windsor, Connecticut. The testimony shows that the purchase price was approximately $179,000.00 and that the money for the deposit of the house came from contributions by both parties. When the home in Windsor was purchased, the plaintiff's mother and her brother came to reside with the parties. The relationship of the parties seems to have deteriorated markedly subsequent to the purchase of the house. Whether there was some correlation between that deterioration and the occupancy of the house by the plaintiff's family is unclear. However on or about February of this year, the defendant moved out of the house. The evidence also shows that the defendant had stopped making financial contributions to the expenses of the household on or about July of 2001. The plaintiff has occupied the home since its purchase and has paid the expenses of that home with the help of the defendant initially, and then on her own after the defendant unilaterally stopped his contributions. The plaintiff has received and continues to receive a contribution from her mother and brother. The plaintiff's mother testified that her contribution was $300.00 per month, for both she and her son.
The assets and liabilities of the parties are set forth in their financial affidavits as submitted dated June 6, 2002.
The marriage of the parties is hereby dissolved.
The court has considered the evidence as presented, as well as the provisions of the Connecticut General Statutes with respect to distribution of property, alimony, and related issues. Accordingly, the court enters the following orders:
The Stipulation of the parties is approved with respect to custody of the minor child. Accordingly, the parties shall enjoy joint legal custody CT Page 8203-ca of the minor child Chandler Davis. The primary residence of Chandler shall be with the plaintiff mother subject to reasonable and flexible access in the defendant. The parenting schedule and access shall include alternating holidays and a period of access during the child's summer vacation to be spent with the defendant father. The plaintiff shall provide medical and dental insurance for the benefit of the minor child as currently provided through her employment. Any unreimbursed medical, dental and related expenses shall be paid in accordance with the child support guidelines, as detailed below. Further, the parties have agreed and the court orders that the parties shall alternate the right to claim the tax exemption for the minor child. The husband will be entitled to claim the exemption in even numbered years, and the wife in odd numbered years. By further. agreement, each party shall pay their own attorney's fees.
The court orders the defendant to pay child support to the plaintiff in the amount of $116.00 per week. An immediate wage garnishment is ordered. of the unreimbursed medical expenses, the plaintiff shall pay 66% and the defendant 34%. The expenses of summer camp for the minor child shall be paid in the same proportion. The defendant shall pay said expenses within thirty days of his being presented with a written notice of said expense. The expenses related to summer camp shall be incurred with prior notice and shall be reasonable in their amount. Each party shall maintain life insurance for the benefit of the minor child in the amount of $50,000.00 during her minority.
Neither party shall pay alimony to the other.
The jointly owned real estate of the parties is found to have a fair market value of $196,000.00. The husband shall quit claim his interest in said property to his wife. The wife will provide a mortgage in favor of the husband in the amount of $20,900.00. Said mortgage shall carry interest at the rate of 4% per annum and shall be payable on October 20, 2007, upon refinance of the existing first mortgage, the securing of any subsequent mortgage, or sale of the property, whichever shall first occur. The amount of the mortgage represents the defendant's present equity in the property, less deduction for the time he occupied the property without making contribution to its expenses, providing consideration for contribution by the plaintiff's mother and brother. At the time the mortgage is to be paid, the wife may deduct any obligation for unpaid child support and any outstanding balance due on joint credit card debts owed by the husband pursuant to the terms of this judgment.
Each party shall retain ownership of the automobile listed on their financial affidavit and shall pay any loan secured by said automobile according to its tenor and hold the other harmless thereon. CT Page 8203-cb
The defendant shall retain his Fleet IRA in the approximate value of $14,021.00. The plaintiff shall retain the present value of her employee contribution to the State of Connecticut retirement plan. The plaintiff shall assign to the defendant the sum of $700.00 per month to be paid from her retirement benefits as due from the State of Connecticut. Said benefits are to be paid upon the plaintiff's retirement from State employment and collection of retirement benefits. The plaintiff shall be free to choose the form of benefit payment to be paid to her under the provisions of the Connecticut State Employees Retirement System Tier I Plan. A summary of said plan has been submitted as Defendant's Exhibit "F". The defendant's right to collect said payment shall terminate upon his death, and any amount thus unpaid shall be paid to the plaintiff.
Upon the minor child's reaching the age of eighteen years, the plaintiff shall provide life insurance for the benefit of the defendant in the amount of $25,000.00 until her death, the death of the defendant, or such time as she begins to collect her retirement benefits from the State of Connecticut. Upon the beginning of the collection of said benefits, and the corresponding payment to the defendant as provided above, the plaintiff's obligation to maintain said life insurance shall terminate.
The plaintiff shall be responsible for payment of the Connecticut State Employees Credit Union debt as well as the debt to American Express. The defendant shall pay the following joint credit cards; Citibank Mastercard, Sears, Capital One. He shall also pay the bills to Merchant's Mastercard, and family loans as listed on his financial affidavit. Both parties shall hold each other harmless for any obligations imposed by this judgment.
The parties are referred to mediation before the Family Relations office to resolve any issues regarding personal property. The court will retain jurisdiction in the event there are issues outstanding following mediation.
BY THE COURT
ROBAINA, J.